UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDEVITT, as he is ADMINISTRATOR, PAINTERS AND ALLIED TRADES DISTRICT COUNCIL No. 35 TRUST FUNDS,<br>          Plaintiff,<br><br>          vs.<br><br>BOUCHARD PAINTING, INC.,<br>          Defendant. | C.A. No. |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 by employee benefit plans to collect any benefit contributions, continuing or past due interest, statutory liquidated damages, and reasonable attorneys' fees and costs that are due and owing.

2. This is also an action pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by a labor organization for breach of a collective bargaining agreement, to collect any benefit contributions, continuing or past due interest, statutory liquidated damages, reasonable attorneys' fees and costs that are due and owing, to collect a $200 administrative fee related to arbitration of this dispute, and finally to confirm an arbitration award.

## JURISDICTION

3. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

4. Plaintiff William McDevitt is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds").  The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

5. Defendant Bouchard Painting, Inc. is a foreign business entity with a principal place of business at 1 Corporate Park Drive 5, Derry NH, 03038, and is an employer engaged in commerce within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1) and §301 of the LMRA, 29 U.S.C. §185.

## FACTS

6. Defendant Bouchard Painting, Inc. is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc.  The Agreement is a contract within the meaning of 29 U.S.C. §185(a).  A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

7. The Funds are third party beneficiaries of the Agreement.

8. The Agreement requires signatory employers such as Bouchard Painting, Inc. to make contributions to the Plaintiff Funds for each hour worked by employees.  The Agreement

specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the fifth day of the subsequent month.

9. The Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

10. The Agreement provides that the New England Painting, Finishing & Glazing Industries District Council No. 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the Agreement and grievances and complaints against members of either party to the Agreement or independent signatory employers for all alleged violations of the Agreement.

11. The Agreement provides that Joint Trade Board decisions are binding on independent signatory employers, such as Bouchard Painting, Inc.

12. A hearing concerning Bouchard Painting, Inc.'s failure to make its required interest payment took place before the Joint Trade Board on May 5, 2015.

13. Despite receipt of prior written notice of the hearing, Bouchard Painting, Inc. did not send a representative to the May 5, 2015 hearing.

14. The Joint Trade Board found that Bouchard Painting, Inc. was delinquent in principal contributions of $5,000.31 for the month of March, 2015, and that the Company was also delinquent for continuing interest or past due interest in the amount of $4,851.68.

15. The Joint Trade Board also voted that Bouchard Painting, Inc. should be required to pay liquidated damages, which are equal to 20% of the delinquent principal sums, or $1000.26.

16. The Joint Trade Board also assessed a $200.00 administrative fee.

17. The Joint Trade Board informed Bouchard Painting, Inc. of its decision in a letter dated May 12, 2014.  A true and accurate copy of the Joint Trade Board's award is attached hereto as Exhibit B.

18. Bouchard Painting, Inc. has failed to pay the sums due, and has also failed to file an action to vacate or amend the arbitration award.

## **COUNT I – ERISA**

19. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 18 above.

20. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the sums it owes Plaintiff Funds, as well as the continuing interest, statutory liquidated damages, an administrative fee of $200, and reasonable attorney's fees and costs.

21. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the as yet un-liquidated sums owed for the period October 5, 2014 to present, along with the interest on late payments and discrepancies, and the Funds and their participants will be irreparably damaged.

22. The failure of Bouchard Painting, Inc. to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

23. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

24. The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all amounts due of past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II -- VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

25. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 24 above.

26. The Agreement is a contract within the meaning of §301 of the LMRA.

27. The failure of Bouchard Painting, Inc. to submit to pay principal contributions, and continuing or past due interest on behalf of its covered employees violates the terms of the Agreement.

28. The Company's failure or refusal to pay its obligations under the collective bargaining agreement violates its obligations under §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – ENFORCEMENT OF ARBITRATION AWARD

29. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 28 above.

30. The arbitration award issued by the Joint Trade Board requires defendant Bouchard Painting, Inc. to pay the amount of the award, all continuing and past due interest, liquidated damages, an administrative fee of $200.00, and reasonable attorneys' fees and costs of collection.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a. Pursuant to Counts I and II, Order Bouchard Painting, Inc. to make all payments due and owing under the Agreement;

b. Enter a preliminary and permanent injunction enjoining Bouchard Painting, Inc. from refusing or failing to pay the delinquent sums due and owing;

  c. Pursuant to Count III, enter a judgment in favor of The Funds, and against Bouchard Painting, Inc., to confirm and enforce the arbitration award of the Joint Trade Board in the amount of the award, plus interest and penalties as described in the award;

  d. Such further and other relief as this Court may deem appropriate.

            Respectfully submitted,

            WILLIAM MCDEVITT, as he is
            ADMINISTRATOR, PAINTERS AND
            ALLIED TRADES DISTRICT COUNCIL
            No. 35 TRUST FUNDS,

            By his attorneys,


            /s/ Louis A. Mandarini
            Paul F. Kelly, Esq., BBO #267000
            Kathryn S. Shea, BBO #547188
            Louis A. Mandarini, BBO #669293
            Segal Roitman, LLP
            111 Devonshire Street, 5th Floor
            Boston, MA  02109
            (617) 742-0208, Ext. 253
Dated:  June 8, 2015       lmandarini@segalroitman.com